NO.  10-12065-B

---

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

―――――――――

### UNITED STATES OF AMERICA,
*Plaintiff/appellee,*

### v.

### NELIDA RODRIGUEZ,
*Defendant/appellant.*

―――――――――

**On Appeal from the United States District Court
for the Southern District of Florida**

―――――――――

**BRIEF OF THE APPELLANT
NELIDA RODRIGUEZ**

―――――――――

**RICHARD C. KLUGH, ESQ.**
**Counsel for Appellant**
**Ingraham Building**
**25 S.E. 2nd Avenue, Suite 1100**
**Miami, Florida 33131**
**Tel. No. (305) 536-1191**

**THIS CASE IS ENTITLED TO PREFERENCE
(CRIMINAL APPEAL)**

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

### United States v. Nelida Rodriguez
### Case No. 10-12065-BB

Appellant Nelida Rodriguez files this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal, as required by 11th Cir. R. 26.1.

Arriete, Jose, Co-Defendant

Balmaseda, Sonya, Co-Defendant

Bandstra, Hon. Ted E., United States Magistrate Judge

Bermudez, Nelson, Co-Defendant

Brown, Hon. Stephen T., United States Magistrate Judge

Brown, Stephen T., United States Magistrate Judge

do Campo, Orlando, Co-Defendant

Dominguez, Humberto R., Trial Counsel

Dube, Hon. Robert L., United States Magistrate Judge

Egeraige, Jorge, Co-Defendant

Encinosa, Israel J, Co-Defendant Counsel

Feigenbaum, Martin A., Co-Defendant Counsel

Fenn, Leonard P., Co-Defendant Counsel

Ferrer, Wifredo A., United States Attorney

Fleites, Elias, Co-Defendant

Foster-Steers, Lois A., Assistant United States Attorney

Friedman, Jonathan S., Co-Defendant Counsel

Garber, Barry L., United States Magistrate Judge

Garcia-Montes, Gustavo J., Trial Counsel

Graham, Hon. Donald L., United States District Judge

Horowitz, Philip R., Co-Defendant Counsel

Huezo, Pedro, Co-Defendant

Kaufman, Allen S., Co-Defendant Counsel

Klugh, Richard C., Appellate Counsel

Klugh, Richard C., Appellate Counsel

Levin, Albert Z.,, Co-Defendant Counsel

Lugo, Jorge, Co-Defendant

Lurvey, Daniel A. , Co-Defendant Counsel

McAliley, Chris M., United States Magistrate Judge

O'Quinn, Ryan D., Assistant United States Attorney

Patanzo, Peter T., Co-Defendant

Peluffo, Lucia, Co-Defendant

Rabelo, Alejandro, Co-Defendant

Rodriguez, Mayra, Co-Defendant

Rodriguez, Carlos, Co-Defendant

Rodriguez, Nelida, Defendant/Appellant

Rojas, Jaime, Co-Defendant

Romano, Sherri A, Co-Defendant Counsel

Sakin, Scott W., Co-Defendant

Salas, Mayelin, Co-Defendant

Schultz, Anne R., Assistant United States Attorney, Appellate Chief

Schumacher, Howard J., Co-Defendant Counsel

Segurola, Ricardo, Co-Defendant

Segurola, Yamile, Co-Defendant

Segurola, Lucy, Co-Defendant

Seitles, Marc D., Co-Defendant Counsel

Smith, Michael G., Co-Defendant Counsel

Soto, Renee L., Co-Defendant Counsel

Sotorrio, Rene A, Co-Defendant Counsel

Tannebaum, Brian L., Co-Defendant Counsel

Torres, Edwin G., United States Magistrate Judge

Turnoff, Hon. William C., United States Magistrate Judge

Wenzel, Gerard, Co-Defendant

White, Patrick A., United States Magistrate Judge

White, Charles G., Co-Defendant

Wylie, John W., Co-Defendant

## STATEMENT REGARDING ORAL ARGUMENT

The defendant respectfully submits that oral argument is necessary to the just resolution of this appeal and will significantly enhance the decision making process.

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS. . . . . . . . . . . . . . . . . . . . . . . . . . C-1

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CITATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xv

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Course of Proceedings, Disposition, and Statement of Facts.. . . . . . . . . . . . 2

    Standards of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT AND CITATIONS OF AUTHORITY. . . . . . . . . . . . . . . . . . . . . 8

     I.     THE DISTRICT COURT PLAINLY ERRED IN ACCEPTING

               THE GUILTY PLEA WHERE THE DEFENDANT AND HER

               FAMILY EXPRESSED GRAVE CONCERNS REGARDING

               THE DEFENDANT'S UNDERSTANDING OF AND DESIRE

               TO EFFECT THE ENTRY OF THE PLEA, THERE WAS NO

               FACTUAL BASIS FOR ACCEPTANCE OF THE PLEA AS TO

               THE SUBSTANTIVE CHARGES AND NO SUFFICIENT

               EXPLANATION TO THE DEFENDANT REGARDING THE

OFFENSES, AND THE DEFENDANT'S TESTIMONY AT SENTENCING REFLECTED HER DIRECT DISAGREEMENT WITH THE PREMISE OF AT LEAST ONE OF THE SUBSTANTIVE CHARGES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

II.    THE DISTRICT COURT ERRED IN DETERMINING AN ENHANCED LOSS CALCULATION, RULING THAT PARTICIPANTS IN A LARGE-SCALE FRAUD ARE INELIGIBLE FOR A MINOR ROLE REDUCTION, IMPOSING A SOPHISTICATED MEANS ENHANCEMENT IN THE ABSENCE OF ANY SHOWING OF THE DEFENDANT'S KNOWLEDGE OR UNDERSTANDING OF THE SOPHISTICATED ELEMENTS OF THE FRAUD, AND IMPOSING A MULTIPLE VICTIMS ENHANCEMENT WHERE THE FINAL JUDGMENT SHOWED A TOTAL OF SEVEN VICTIMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

A.    The district court erred in imposing a 20-level guideline enhancement for an amount-of-loss calculation supported by no evidence as to either the amount of loss or the

iii

attribution of any amount to the defendant and resting on speculation and unsupported proffers by the government.. . . 15

B.    The district court erred in applying a categorical rule of preclusion of defendants in a large-scale fraud prosecution from consideration for a minor role reduction.. . . . . . . . . . . 19

C.    The district court erred in imposing a sophisticated means enhancement and an enhancement for the number of victims where the record clearly established that the defendant was unsophisticated and was taken advantage of by other conspirators and where evidence presented at the restitution hearing and incorporated into the final judgment shows fewer than the requisite number of victims for the multiple victim enhancement.. . . . . . . . . . . . . . . . . . . . . . . 25

    (1)    Multiple victim enhancement.. . . . . . . . . . . . . . . . . . 25

    (2)    Sophisticated means enhancement.. . . . . . . . . . . . . . 26

III.    THE  DISTRICT  COURT  ERRED  IN  IMPOSING  A RESTITUTION AWARD AS TO THE DEFENDANT AND THE COURT  SHOULD  VACATE  THE  JUDGMENT  AND REMAND  FOR  RESENTENCING  WHERE  THE

GOVERNMENT'S DELAY IN PROCEEDING TO PRESENT

A RESTITUTION CLAIM CAUSED THE DEFENDANT'S

RIGHT TO APPEAL TO BE DELAYED BY TWO YEARS...... 27

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

# TABLE OF CITATIONS

## CASES:

*Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219 (1998). . 22,23

*Bolius v. Wainwright*, 597 F.2d 986 (5th Cir.1979). . . . . . . . . . . . . . . . . . . . . . . . 10

*Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709 (1969). . . . . . . . . . . . . . . . . . 13

*Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042 (1974). . . . . . . . . . . . 24

*Gall v. United States*, 522 U.S. 38, 128 S.Ct. 586 (2007). . . . . . . . . . . . . . . . . . . 5

*Godinez v. Moran,* 509 U.S. 389, 113 S.Ct. 2680 (1993).. . . . . . . . . . . . . . . . . . 10

*Rheuark v. Shaw*, 628 F.2d 297 (5th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Rhewark v. Wade*, 540 F.2d 1282 (5th Cir. 1976). . . . . . . . . . . . . . . . . . . . . . . . 28

*Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456 (2007).. . . . . . . . . . . . . . . . 18

*Rust v. Sullivan*, 500 U.S. 173, 111 S.Ct. 1759 (1991).. . . . . . . . . . . . . . . . . . . . 23

*Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252 (1948). . . . . . . . . . . . . . . . . . . 24

*United States ex rel. Attorney General v. Delaware & Hudson Co.*,

      213 U.S. 366,  29 S.Ct. 527 (1909).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Barakat*, 130 F.3d 1448 (11th Cir. 1997). . . . . . . . . . . . . . . . . . 26

*United States v. Bass*, 404 U.S. 336, 92 S.Ct. 515 (1971). . . . . . . . . . . . . . . . . . 23

*United States v. Bernardine*, 73 F.3d 1078 (11th Cir. 1996). . . . . . . . . . . . . . . . 17

*United States v. Bonilla*, 579 F.3d 1233 (11th Cir. 2009). . . . . . . . . . . . . . . . . . 29

*United States v. Butler*, 41 F.3d 1435 (11th Cir. 1995). . . . . . . . . . . . . . . . . . . . . 16

*United States v. Cabrera*, 172 F.3d 1287 (11th Cir. 1999). . . . . . . . . . . . . . . . . 15

*United States v. Cataldo*, 171 F.3d 1316 (11th Cir. 1999). . . . . . . . . . . . . . . . . . 21

*United States v. Cosgrove*, 73 F.3d 297 (11th Cir. 1996). . . . . . . . . . . . . . . . . . . 24

*United States v. DePace*, 120 F.3d 233 (11th Cir. 1997). . . . . . . . . . . . . . . . . . . 12

*United States v. Dominguez Benitez*, 542 U.S. 74, 124 S. Ct. 2333 (2004). . . 14, 15

*United States v. Foley*, 508 F.3d 627 (11th Cir. 2007). . . . . . . . . . . . . . . . . . . . . 25

*United States v. Guerra*, 293 F.3d 1279 (11th Cir. 2002). . . . . . . . . . . . . . . . . . 16

*United States v. Halladares*, 544 F.3d 1257 (11th Cir. 2008). . . . . . . . . . . . . . . 29

*United States v. Hasson*, 333 F.3d 1264 (11th Cir. 2003). . . . . . . . . . . . . . . . . . . 5

*United States v. Hughey*, 495 U.S. 411, 110 S.Ct. 1979 (1990). . . . . . . . . . . . . . 28

*United States v. Ismond*, 993 F.2d 1498 (11th Cir. 1993). . . . . . . . . . . . . . . . . . 16

*United States v. James*, 210 F.3d 1342 (11th Cir. 2000). . . . . . . . . . . . . . . . . . . 12

*United States v. Jenkins*, 578 F.3d 745 (8th Cir. 2009). . . . . . . . . . . . . . . . . . . . 27

*United States v. Jin Fuey Moy*, 241 U.S. 394, 36 S.Ct. 658 (1916). . . . . . . . . . . 22

*United States v. King*, 53 F.3d 589 (3d Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Landwer*, 640 F.3d 769 (7th Cir. 2011),

    *cert. denied*, 132 S. Ct. 563 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*United States v. Lawrence*, 47 F.3d 1559 (11th Cir. 1995). . . . . . . . . . . . . . . 17, 18

vii

*United States v. Livesay*, 525 F.3d 1081 (11th Cir. 2008). . . . . . . . . . . . . . . . . . . 5

*United States v. Miranda*, 348 F.3d 1322 (11th Cir. 2003). . . . . . . . . . . . . . . . . . 5

*United States v. Moriarty*, 429 F.3d 1012 (11th Cir. 2005). . . . . . . . . . . . . . 14, 15

*United States v. Owen*, 858 F.2d 1514 (11th Cir. 1988). . . . . . . . . . . . . . . . . . . . . 6

*United States v. Pless*, 982 F.2d 1118 (7th Cir. 1992). . . . . . . . . . . . . . . . . . . . . 18

*United States v. R.L.C.*, 503 U.S. 291, 112 S.Ct. 1329 (1992). . . . . . . . . . . . . . . 23

*United States v. Robertson*, 493 F.3d 1322 (11th Cir. 2007). . . . . . . . . . . . . . . . 29

*United States v. Robison*, 505 F.3d 1208 (11th Cir. 2007). . . . . . . . . . . . . . . . . . . 6

*United States v. Rodriguez de Varon*, 175 F.3d 930 (11th Cir. 1999). . . . . . . 20, 21

*United States v. Rodriguez*, 398 F.3d 1291 (11th Cir. 2005). . . . . . . . . . . . . . . . 16

*United States v. Sepulveda*, 115 F.3d 882 (11th Cir. 1997). . . . . . . . . . . . . . . . . 17

*United States v. Sparrow*, 673 F.2d 862 (5th Cir. 1982). . . . . . . . . . . . . . . . . . . 24

*United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589 (1972). . . . . . . . . . . . . . . . 24

*United States v. Van De Walker*, 141 F.3d 1451 (11th Cir. 1998). . . . . . . . . . . . . 6

*United States v. Williams*, 340 F.3d 1231 (11th Cir. 2003). . . . . . . . . . . . . . . . . 21

*United States v. Wilson*, 993 F.2d 214 (11th Cir. 1993). . . . . . . . . . . . . . . . . . . . 16

*United States v. Wise*, 976 F.2d 393 (8th Cir. 1992),

     *cert. denied*, --- U.S. ---, 113 S.Ct. 1592, 123 L.Ed.2d 157 (1993). . . . . . . 18

*Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001). . . . . . . . . . . . . . . . . . 23

## STATUTORY AND OTHER AUTHORITY:

18 U.S.C. § 1341. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 1343. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 1349. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xv

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xv

Fed. R. Crim. P. 11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12, 14

Fed. R. Crim. P. 11(b)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed. R. Crim. P. 11(1)(b)(D). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Crim. P. 11(1)(b)(K). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Crim. P. 11(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Fed. R. Crim. P. 32. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

U.S.S.G. § 2B1.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

U.S.S.G. § 2B1.1, comment. (n. 1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

U.S.S.G. § 2B1.1, comment. (n.8(b)). . . . . . . . . . . . . . . . . . . . . . . . . . . 27

U.S.S.G. § 2B1.1(b)(2)(A)(I). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

U.S.S.G. § 3B.1, comment. (n.4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

U.S.S.G. § 3B1.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

## STATEMENT OF JURISDICTION

The district court had jurisdiction of this case pursuant to 18 U.S.C. § 3231 because the defendant was charged with an offense against the laws of the United States.  The court of appeals has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which give the courts of appeals jurisdiction over all final decisions of the district courts of the United States. The appeal was timely filed on May 3, 2010, from the final judgment and commitment order entered on April 30, 2010, that disposes of all claims between the parties to this cause.

## STATEMENT OF THE ISSUES

I.    The district court plainly erred in accepting the guilty plea where the defendant and her family expressed grave concerns regarding her understanding of and desire to effect the entry of the plea, there was no factual basis for acceptance of the plea as to the substantive charges and no sufficient explanation to the defendant regarding the offenses, and the defendant's testimony at sentencing reflected her direct disagreement with the premise of at least one of the substantive charges.

2.    The district court erred in determining an enhanced loss calculation, ruling that participants in a large-scale fraud are ineligible for a minor role reduction, imposing a sophisticated means enhancement in the absence of any showing of the defendant's knowledge or understanding of the sophisticated elements of the fraud, and imposing a multiple victims enhancement where the final judgment showed a total of seven victims.

3.    The district court erred in imposing a restitution award as to the defendant and the Court should vacate the judgment and remand for resentencing where the government's delay in proceeding to present a restitution claim caused the defendant's right to appeal to be delayed by two years.

## STATEMENT OF THE CASE

### Course of Proceedings, Disposition, and Statement of Facts

Nelida Rodriguez ("Nelida") was charged in three counts of a multi-count fraud indictment.  In Count 1, she was charged with conspiring, along with numerous co-defendants, to violate the federal mail and wire fraud statutes, in violation of 18 U.S.C. § 1349, from June 2005 to March 2007, in a scheme to defraud by means of fraudulent mortgage loan applications prepared on behalf of "straw borrowers" by co-conspirators Magile Cruz, Mayra Rodriguez, and Yamile Segurola.  DE:3.  Count 2, charging mail fraud in violation of 18 U.S.C. § 1341, and Count 12, charging wire fraud in violation of 18 U.S.C. § 1343, were set forth as follows:

| 2 | NELIDA RODRIGUEZ | 2/28/2005 | Loan documents related to purchase of the property located at 10224 NW 130 Street, Hialeah Gardens, Florida 33018 sent by United Parcel Service (UPS) from Miami, Florida to Fremont Investment & Loan, 4343 Anchor Plaza Parkway. Tampa, Florida 33634 |
| 12 | NELIDA RODRIGUEZ, NELSON BERMUDEZ and PEDRO HUEZO | 12/23/2005 | Request for a release of funds sent via facsimile from Certified Home Loans in Miami, Florida to First Collateral Services, Inc. in Concord, California for the release of funds in the amount of $281,989.66 for PEDRO HUEZO's loan on property located at 4872 NW 168 Terrace, Opa Locka, Florida 33055 |

Nelida pled guilty to the three counts in a plea hearing conducted on January 19, 2010. DE:446. There was no plea agreement. At the plea colloquy, Nelida expressed substantial reservations about accepting the plea agreement. The plea colloquy was interrupted twice due to her hesitation or reluctance, including once when her daughter was allowed to consult with her. DE:532:22-23.

In the presentence report, the probation office recommended a finding of loss between $7 million and $20 million, an enhancement for the number of financial victims, and an enhancement for sophisticated means. In her objections to the probation office's presentence report, Nelida challenged the loss calculation, the underlying factual basis for the loss calculation, the absence of knowing fraudulent participation by the defendant in the transactions attributed to her, the failure of the presentence report to identify either intended or actual losses, and that Nelida "is being made responsible for conduct of other participants that was not reasonable foreseeable or known to her." DE:566:6; *see also* DE:566: ("Other than the vague and unsupported allegations that she was knowledgeable of the entire offense, there is no support for the attribution of this amount of Ms. Rodriguez."). She also contended that her minor role in the conspiracy warranted a two-level reduction.

The government's response to the objections by the defendant did not specify how more than $7 million in losses were foreseeable to the defendant, DE:651, and

3

at sentencing, the government relied principally on what it asserted was a list of properties and losses that amounted to $12 million, again without any showing of reasonable foreseeability to the defendant. DE:734:71-72. The government did not offer in evidence at sentencing the list of properties and proffered losses, but asserted that properties on the list were associated with post-mortgage-loan activities of the conspirators in paying mortgages on some properties. *Id*.

In response to the defense objection that none of the losses were reasonably foreseeable to the defendant and that much of losses referred to by the government related to mortgage loans that were obtained prior to the defendant's being hired by the title agency, the district court ruled that working with the lead conspirators after they had obtained loan fraud proceeds placed the responsibility for the bad loans on the defendant. DE:734:75 ("For whatever reason, she didn't work at that facility anymore for a period of time and then returned. So I don't know that you can argue that she would get some credit for the period of time that she wasn't employed there if all of the acts were within the scope of the conspiracy."). But the district court likewise made no findings as to what amount of losses were foreseeable to the defendant in the context of her menial work for the conspirators.

In imposing sentence, the district court denied the request for a minor role reduction and adopted the revised guideline figures stated in court by the probation officer. DE:734:80 ("[T]he base offense level is 7, there is plus 20 levels for the

4

amount of the loss, two levels for the number of victims, and an additional two levels for sophisticated means.  That is a total of 31.  Less three for acceptance, Your Honor, is a Level 28. The resulting guideline range is 78 to 97 months, Your Honor.").  The district court then determined that finding a loss amount of over $7 million created a sentencing disparity with the lead defendant who was held responsible for less than $7 million, and therefore imposed a sentence in a guideline range two offense levels lower (level 26, rather than 28), a range of 63-78 months, and imposed a sentence of 70 months.  DE:734:87; DE:1327.

## Standards of Review

The question of whether the district court imposed a sentence that was either procedurally or substantively unreasonable is reviewed under an abuse of discretion standard. *Gall v. United States*, 522 U.S. 38, 49, 128 S.Ct. 586, 591 (2007); *United States v. Livesay*, 525 F.3d 1081 (11th Cir. 2008). This Court reviews *de novo* the district court's interpretation of the sentencing guidelines. *United States v. Miranda*, 348 F.3d 1322, 1330 (11th Cir. 2003).  The Court reviews *de novo* the legality of an order of restitution and related findings of fact for clear error.  *See United States v. Hasson*, 333 F.3d 1264, 1275 (11th Cir. 2003).  Where the defendant contends an impingement on the constitutional right of due process, this Court has held that a determination of the minimum due process requirements of the constitution is subject to plenary review.  *See*, *e.g.*, *United States v. Robison*, 505 F.3d 1208, 1226 n. 24

5

(11th Cir. 2007) (holding that underlying legal errors, including due process claims, are reviewed de *novo*).  Whether an action taken by a district court amounts to a constitutional violation is a question of law subject to *de novo* review.  *See United States v. Van De Walker*, 141 F.3d 1451, 1452 (11th Cir. 1998) ("Purely legal questions relating to a defendant's claim of a constitutional violation are reviewed *de novo*."). The district court's voluntariness determinations regarding a guilty plea are reviewed *de novo*.  *United States v. Owen*, 858 F.2d 1514, 1516 (11th Cir. 1988).

## SUMMARY OF THE ARGUMENT

I.     The defendant's guilty plea was infirm, and the court plainly erred in accepting the plea, given the defendant's expression at the plea colloquy of both confusion and concern about the basic facts of the offense and her own culpability, and in the further context of the defendant's ongoing treatment and medication for mental illness and her daughter's interruption of the plea colloquy to question the defendant's understanding of the proceedings.

II.     The district court erred in finding a loss amount of $12 million where the government failed to offer any formula or basis for its loss calculation and where, at a later restitution hearing, the government's loss figures fluctuated unreliably and did not approach the $12 million figure.  The sentencing court failed to address the specific role of the defendant in the conspiracy – a role that involved being a menial employee at a title company, where her name was used on various banking and

6

company documents, even as she performed menial tasks such as being a driver for the owner of the company – and instead concluded that she was ineligible for a role reduction because despite being paid at a rate amounting to minimum wage, she was a member of a conspiracy that was involved in $20 million in losses. By deeming the offense in this case to have no possible minor role players, the district court failed to correctly apply the minor role guideline, depriving the defendant of the benefit of the district court's independent analysis of the role issue in relation to the facts. For that reason, the Court should remand for reconsideration of the minor role question.

The district court also clearly erred in applying sophisticated means and multiple victim enhancements. The defendant was shown to have been an unsophisticated manual worker who was, under any view of the evidence, used for her lack of sophistication and guile. Any sophistication in the offense was outside her purview, and she was in fact victimized by the concealed components of the fraud. The district court's clear error in applying a multiple victim enhancement – for 10 or more financial institution victims – is revealed by the facts presented at the restitution hearing and on the face of the amended final judgment in this case, showing a total of only 7 victims.

III.    The two-year delay by the government in coming forward with any claim for restitution, with the government finally admitting after the two-year delay that there were only 7 victims, and that the losses had been overstated by millions of

7

dollars, was presumptively prejudicial of the defendant's right to a speedy trial and a speedy determination of restitution. The Court should remand for a new trial based on the due process denial effected by the delay. Likewise, the absence of any reliable evidence, and instead the government's use of speculation and conjecture, in seeking a restitution award, warrants a remand for resentencing.

## ARGUMENT AND CITATIONS OF AUTHORITY

## I.

**THE DISTRICT COURT PLAINLY ERRED IN ACCEPTING THE GUILTY PLEA WHERE THE DEFENDANT AND HER FAMILY EXPRESSED GRAVE CONCERNS REGARDING THE DEFENDANT'S UNDERSTANDING OF AND DESIRE TO EFFECT THE ENTRY OF THE PLEA, THERE WAS NO FACTUAL BASIS FOR ACCEPTANCE OF THE PLEA AS TO THE SUBSTANTIVE CHARGES AND NO SUFFICIENT EXPLANATION TO THE DEFENDANT REGARDING THE OFFENSES, AND THE DEFENDANT'S TESTIMONY AT SENTENCING REFLECTED HER DIRECT DISAGREEMENT WITH THE PREMISE OF AT LEAST ONE OF THE SUBSTANTIVE CHARGES.**

The defendant's plea colloquy failed to ensure her knowing and voluntary entry of a guilty plea, contrary to the requirements of Fed. R. Crim. P. 11 and the constitutional protections of due process. At the outset of the plea hearing, the defendant expressed confusion as to the nature of the misconduct attributed to her by the government, indicating that she was being treated for mental illness, was under

8

the care of a psychologist and a doctor, and was taking three types of medications prescribed for depression and for sleeping. She could recall only one of the medications, Chlorazepam, and the court did not determine the nature of its effect or the identity of the remaining medications she was taking.

The defendant appeared to be at a loss, responding "No" to the court's inquiry as to whether she had been able to understand conversations with others. DE:532:5. And, on further questioning, the defendant stated that she could not understand, and disagreed with, matters the prosecution appeared to be attributing to her. *Id.* The defendant's tentative attitude during the proceedings was reflected in her frequent inability to answer the court directly, instead seeking to confer first with counsel. This included the defendant's lack of certainty as to whether she had even discussed with defense counsel the offenses of mail and wire fraud, which comprised the essence of the proposed plea. *See* DE:532:13. ("The Court: Have you had discussions with your lawyer about the offenses of mail fraud and wire fraud? The Defendant: Just a minute. (Off-the-record discussion between Mr. Garcia-Montes and the defendant."). *See also* DE:532:21 (defendant conferring with counsel about concerns regarding factual basis for plea). Moreover, prior to the court's acceptance of the plea, the defendant's daughter felt impelled to interject, stating that she did not believe her mother fully understood what was taking place. DE:532:22. These

9

multiple indicia called into serious question the defendant's capacity and competency to plea guilty, as well as her understanding and willingness to do so. *See, e.g., Godinez v. Moran,* 509 U.S. 389, 400, 113 S.Ct. 2680, 2687 (1993)(defendant must be determined to be competent in order to enter a plea, and the court must further ensure that the waiver of defendant's constitutional rights was knowing and voluntary). While "the mere presence of mental illness or other mental disability at the time [the defendant] entered his plea does not necessarily mean that he was incompetent to plead," *Bolius v. Wainwright,* 597 F.2d 986, 990 (5th Cir.1979), in the present case, the combination of Defendant Rodriguez's professed suffering from mental illness and ongoing taking of multiple medications for depression and sleep difficulties, together with her initial expression of confusion followed by her daughter's similar concern that she did not understand what was taking place, gave rise to a bona fide doubt as to her ability to enter a guilty plea. The defendant's misgivings and tentative attitude, reflected in her expressions of confusion, her frequent need to confer with her attorney prior to answering the court's queries and her taking issue with the factual basis for the offense as articulated by the government, further eroded any assurance that her entry into a guilty plea was knowing and voluntary. Indeed, at sentencing, the defendant's testimony expressed disagreement with the premise of at least one of the substantive offenses with which

she was charged, confirming the absence of her full awareness and voluntary entry into the plea.  DE:733:10-14.

In addition to these considerations, the district court failed to fully advise the defendant of all rights she would be waiving upon entering a guilty plea.  Contrary to the mandate of Fed. R. Crim. P. 11(1)(b)(D) and (K), the court did not inform the defendant, nor did the court elicit her understanding, of her right "if necessary [to] have the court appoint counsel – at trial and at every other stage of the proceeding" to represent her; and of the court's authority to order restitution.  While restitution was mentioned by the government, the court's failure to personally inform the defendant of its authority to impose restitution, as well as of the defendant's right to have counsel appointed, as necessary, for trial and all other stages, was particularly consequential in the instant case, given that the defendant was represented at the time by retained, not appointed counsel; and, further, in sentencing the defendant, the court in fact ordered restitution.

Added to these defects was the court's comments as to the charged crimes, which did not explain their nature accurately.  Notably, there was no written plea agreement, and the defendant pled guilty to all three indictment counts with which she was charged, counts 1, 2 and 12.  Initially, the court mistakenly indicated that the defendant was proposing to plead guilty to counts 1, 2 and **3**.  DE:532:13.  In

11

addressing count 1, conspiracy to commit mail and wire fraud, the court failed to determine whether the defendant had discussed the offenses of mail and wire fraud – which comprised the object of the conspiracy – with her attorney. Further, the court, while referencing generally an "interstate carrier" or "interstate commerce," failed to explain the meaning of this essential jurisdictional element. Given the factual and legal complexity of the charges, which involved various business-related activities and actors in multiple fraudulent schemes involving mortgages and financial institutions, and where, at least as to count 2, the mailing at issue appeared to be exclusively within the state of Florida, the absence of an explanation of the critical element of interstate commerce was erroneous. *See United States v. James*, 210 F.3d 1342, 1345-46 (11th Cir. 2000)(complex aspects of Travel Act charge required greater explanation at plea colloquy, contributing to finding of Rule 11 error); *United States v. DePace*, 120 F.3d 233, 237 (11th Cir. 1997)(recognizing that charges of a more complex nature may require more explication by district court at plea colloquy in order to satisfy Rule 11).

Heightening these inadequacies was the lack of a valid factual basis for the plea. *See* Fed. R. Crim. P. 11 (b)(3)("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."). The government's articulation of a purported factual basis failed to set forth all requisite offense

12

elements, including as to the essential element of interstate commerce. Moreover, the defendant took issue with central facts, including the amount of loss, the alleged payment to her from the proceeds of a fraudulent sale or transaction involving her husband, that she brought a check to a straw borrower as payment, and that another straw borrower identified her as the individual who went to the bank and returned with money to pay for him for the use of his credit. DE:532:20-21. The ambiguous nature of the government's factual basis, particularly given the defendant's indication that she did not assent to various portions of it, renders the plea inadequate. Together, these deficiencies reflect that the plea proceedings did not ensure that the defendant's plea was entered knowingly and voluntarily, nor that there was a reliable factual basis for the plea, contrary to procedural and constitutional requirements.

A defendant who pleads guilty waives a panoply of federal constitutional rights. In order for the waiver to be valid, and for the plea to be effective, therefore, the record must reflect that the defendant entered the plea knowingly and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709 (1969). A court accepting a guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *United States v. Moriarty*, 429

F.3d 1012, 1019 (11th Cir. 2005). Thus, implicit in every plea of guilty is the right to challenge a plea that was not entered into knowingly and voluntarily.

Fed. R. Crim. P. 11(b)(1) requires a district court to advise and question a defendant about the rights he or she is waiving before accepting a plea of guilty. The matters about which the court is required to inform the defendant include not only the traditional matters relating to the nature of the charges, the factual basis, the continued right to counsel at all stages, and the mandatory and maximum penalties, but also "the court's authority to order restitution." *Moriarty*, 429 F.3d at 1019 (citing Fed. R. Crim. P. 11(b)(1)(A)-(B), (D), (J)-(K), (M)).

In *Moriarty*, this Court emphasized that the "requirements of Rule 11 are not aspirational but mandatory, and deserve the careful attention of the district courts." *Id.* at 1019. This Court recognized in *Moriarty* that not every failure to comply with every aspect of Rule 11 will result in a reversal of the plea and that to show that the district court committed plain error under Rule 11, there must be "a reasonable probability that, but for the error, he would not have entered the plea.'" *Id.* at 1020 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 124 S. Ct. 2333, 2340 (2004)). In the present case, the court's failure to ensure that the defendant – who was being treated and medicated for mental illness, and whose confusion, and reservations about the government's attributions and factual basis, was expressed by

14

her and further raised by her daughter at the plea colloquy – understood the nature of the offense, and voluntarily sought to plead guilty to it, gives rise to a reasonable probability that, but for the plea colloquy errors, she would not have entered the plea. *See Moriarty*, 429 F.3d at 1020 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 124 S. Ct. 2333, 2340 (2004)).

## II.

**THE DISTRICT COURT ERRED IN DETERMINING AN ENHANCED LOSS CALCULATION, RULING THAT PARTICIPANTS IN A LARGE-SCALE FRAUD ARE INELIGIBLE FOR A MINOR ROLE REDUCTION, IMPOSING A SOPHISTICATED MEANS ENHANCEMENT IN THE ABSENCE OF ANY SHOWING OF THE DEFENDANT'S KNOWLEDGE OR UNDERSTANDING OF THE SOPHISTICATED ELEMENTS OF THE FRAUD, AND IMPOSING A MULTIPLE VICTIMS ENHANCEMENT WHERE THE FINAL JUDGMENT SHOWED A TOTAL OF SEVEN VICTIMS.**

**A.    The district court erred in imposing a 20-level guideline enhancement for an amount-of-loss calculation supported by no evidence as to either the amount of loss or the attribution of any amount to the defendant and resting on speculation and unsupported proffers by the government.**

Loss calculations cannot be based on mere speculation and conjecture. *United States v. Cabrera*, 172 F.3d 1287, 1292 (11th Cir. 1999) (government bears the burden of supporting its loss calculation with "reliable and specific evidence"). *See also United States v. Guerra*, 293 F.3d 1279, 1293 (11th Cir. 2002) ("district court erred in not making findings during sentencing as to: (1) how close the defendants came to completing additional sales; [and] (2) whether there was a reasonable

15

likelihood of generating revenue corresponding to the amounts; *United States v. Wilson*, 993 F.2d 214, 217 (11th Cir. 1993) (the fraud guideline is adjusted according to the "victim's direct loss"; the loss calculation "does not allow for inclusion of incidental or consequential injury, and it is error to rely on evidence of such injury when the value of the property may be ascertained").

Where a defendant has raised an objection to the attribution of a loss amount used in enhancing his guideline range, the government bears the burden of establishing the disputed fact by a preponderance of the evidence, just as is the case for enhancements based on drug quantity. *See United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005); *see also United States v. Ismond*, 993 F.2d 1498, 1499 (11th Cir. 1993); *United States v. Butler*, 41 F.3d 1435, 1444 (11th Cir. 1995) ("[T]he burden rests with the prosecution to establish the disputed fact by a preponderance of the evidence." A contention of the Government does not constitute a finding, particularly where a defendant objects to the conclusion that the contention is intended to support.")

The government cannot meet its burden by simply proffering aspects of witness testimony or offering conclusory argument. *United States v. Bernardine*, 73 F.3d 1078, 1080 (11th Cir. 1996) ( "'[T]he preponderance standard is not toothless. It is the district court's duty to ensure that the Government carries this burden by

16

presenting reliable and specific evidence. ... [I]f the probation officer and the prosecutor believe that the circumstances of the offense, the defendant's role in the offense, or other pertinent aggravating circumstances, merit a lengthier sentence, they must be prepared to establish that pertinent information by evidence adequate to satisfy the judicial skepticism aroused by the lengthier sentence that the proffered information would require the district court to impose.'") (quoting *United States v. Lawrence*, 47 F.3d 1559, 1566-67 (11th Cir. 1995)) (emphasis in *Bernardine*) (internal citation and quotation marks omitted); id. at 1082 ("government's 'proffer' that it could produce three witnesses who would testify to [disputed fact] also fails to support the enhancement"); *see also United States v. Sepulveda*, 115 F.3d 882, 890- 91 (11th Cir. 1997) (government's speculative analysis of unauthorized cellular telephone calls that might have been made by the defendants was insufficient to meet its preponderance of evidence burden in proving the loss caused by the defendants' conduct; courts must not speculate concerning the existence of a fact which would permit a more severe sentence under the guidelines).

The government's  mere argument and proffer of evidence is insufficient to carry the government's evidentiary burden as to a disputed sentencing fact. *Lawrence*, 47 F.3d at 1564 (government's burden of proof was not satisfied where "the Government made a speaking proffer of testimony and other evidence that it

17

stood ready to present"). In *Lawrence*, this Court quoted with approval the reasoning of the Eighth Circuit:

> "[I]f the probation officer and the prosecutor believe that the circumstances of the offense, the defendant's role in the offense, or other pertinent aggravating circumstances, merit a lengthier sentence, they must be prepared to establish that pertinent information by evidence adequate to satisfy the judicial skepticism aroused by the lengthier sentence that the proffered information would require the district court to impose." *United States v. Wise*, 976 F.2d 393, 402-03 (8th Cir. 1992), *cert. denied*, --- U.S. ---, 113 S.Ct. 1592, 123 L.Ed.2d 157 (1993); *see also United States v. Pless*, 982 F.2d 1118, 1129 (7th Cir. 1992) ("[A] district judge ... must give meaningful consideration to the presentence report and to objections raised at the sentencing hearing." (citations omitted))... .

*Id.* at 1566-67.

As the Supreme Court explained in *Rita v. United States*, 551 U.S. 338, 351, 127 S.Ct. 2456, 2465 (2007), federal sentencing mandates are satisfied only when "the sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure. *See* Rules 32(f), (h), (i)(C) and (i)(D) [of the Federal Rules of Criminal Procedure]." By merely adopting a government proffer of loss and a government proffer of a means of loss calculation, the district court erred in this case. The Court should remand for resentencing, particularly where the restitution hearing showed further errors in the government's loss calculation methodology.

18

**B.    The district court erred in applying a categorical rule of preclusion of defendants in a large-scale fraud prosecution from consideration for a minor role reduction.**

Overruling the defendant's objection to the failure to reduce her sentence by two levels as a minor role player in a large financial conspiracy – given her status as a personal assistant to the company owner, performing menial, manual-labor tasks – the district court ruled:

> Counsel, let me explain to you why I don't think a minor role is appropriate. This is a case that involved the theft of millions of dollars. It was a sophisticated scheme. It involved many, many victims. And persons who participate in this type of criminal activity, in the Court's opinion, are not entitled to a minor role reduction.  Their acts resulted in substantial harm to the public and the treasury, if you will, and so a minor reduction would be inappropriate in the Court's mind. So your request for minor role is denied.

DE:734:80.

By failing to analyze the defendant's role in the context of the vast attribution of loss to her – as to which she had little or no personal involvement or knowledge – the district court erred in concluding that the size of the loss barred a minor role. This is not a situation where the defendant was being held responsible solely for her own conduct, as in *United States v. Rodriguez de Varon*, 175 F.3d 930 (11th Cir. 1999) (*en banc*).  Instead, the defendant was being held responsible for transactions that occurred before and after she worked for the title company and that, even in the

19

few months when she did work for the company, she did not know what was going on. Further, the record showed that the title company owner not only did not let the defendant in on the scope of the criminal activity, but actively defrauded the defendant herself, i.e, committed an identity theft offense against this defendant. When a defendant's responsibility for a criminal offense rests on their being an identity theft victim, it is incumbent on the sentencing court to at least undertake an individualized determination of the minor role question.  Further, where the defendant's guideline level is enhanced based on the sophisticated means employed by the very same persons who used her lack of sophistication in order to take advantage of her, denying her the individualized consideration warranted for a minor role reduction contravenes the fundamental purpose of the sentencing guidelines to avoid unwarranted sentencing disparity.

The district court's decision – premised on a categorical rule that large-scale, sophisticated fraud cases are structurally incompatible with the existence of defendants who are eligible for a minor role reduction – is a *per se* preclusive rule and thus not a factual finding subject to clear error review, but rather a blanket generalization that must be reviewed less deferentially than traditional fact finding such as credibility determinations. *See United States v. Williams*, 340 F.3d 1231, 1242-43 (11th Cir. 2003) (role analysis subject to clear error review where presenting

20

"questions of pure fact that do not raise questions about the pertinent guideline's application"); *see also United States v. Cataldo*, 171 F.3d 1316, 1319 (11th Cir. 1999) (holding that inquiry is fact-specific and that "brokers" are not categorically exempt from minor role reduction); U.S.S.G. § 3B.1, comment. (n.4) ( "[T]itles such as "kingpin" or "boss" are not controlling.").

Under *Williams*, such a categorical denial of eligibility for minor role as that applied by the district court here cannot be reviewed merely for clear error, but requires an examination of the language of the guideline and the relevant guideline commentary to determine if the district court legally erred in excluding the defendant from consideration for a minor role reduction and whether such analysis is consistent with this Court's decision in *Rodriguez de Varon*. *See Williams*, 340 F.3d at 1240 (*de novo* review is appropriate where the decision "focuse[s] more on interpreting the guideline's language than on digging through a complex record").

Further supporting this conclusion of a guideline-interpretation error in the application of the government's categorical preclusion theory is the rule that statutory interpretation should veer away from constructions that create constitutional doubt, even if no actual constitutional violation occurs. *See United States v. Jin Fuey Moy*, 241 U.S. 394, 401, 36 S.Ct. 658, 659 (1916).

21

The rule of lenity and the doctrine of constitutional doubt counsel against a categorical interpretation of U.S.S.G. § 3B1.2, inasmuch as the defendant's due process right to individualized sentencing and indictment clause right not to be subject to non-discretionary sentencing limits other than those imposed by statute are implicated by precluding discretionary analysis of a defendant's courier role in an offense. The doctrine of constitutional doubt requires that "where a statute is susceptible of two constructions," the courts must interpret the statutory language so as to avoid "grave and doubtful constitutional questions." *United States ex rel. Attorney General v. Delaware & Hudson Co.*, 213 U.S. 366, 408, 29 S.Ct. 527, 538 (1909). "As Justice Holmes said long ago, '[a] statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score.'" *Almendarez-Torres v. United States*, 523 U.S. 224, 237-38, 118 S.Ct. 1219, 1227-28 (1998) (quoting *Jin Fuey Moy*, 241 U.S. at 401, 36 S.Ct. at 659); *see id.*, 523 U.S. at 238, 118 S.Ct. at 1228 (1998) (construction of statute that avoids invalidation best reflects congressional will). "'This canon is followed out of respect for Congress, which we assume legislates in light of constitutional limitations.'" *Id.* at 1228 (quoting *Rust v. Sullivan*, 500 U.S. 173, 191, 111 S.Ct. 1759, 1771 (1991)). *See also Zadvydas v. Davis*, 533 U.S. 678, 689, 121 S.Ct. 2491, 2498 (2001) ("cardinal principle of statutory interpretation ... that when

22

an Act of Congress raises a serious doubt as to its constitutionality, this Court will first ascertain whether a construction of the statute is fairly possible by which the question may be avoided") (internal citations omitted). Similarly, the rule of lenity has been applied not only to resolve the scope of sentencing statutes, but also "to answer questions about the severity of sentencing," rooted in "'the instinctive distaste against men languishing in prison unless the lawmaker has clearly said that they should.'" *United States v. R.L.C.*, 503 U.S. 291, 304, 112 S.Ct. 1329, 1338 (1992) (quoting *United States v. Bass*, 404 U.S. 336, 348, 92 S.Ct. 515, 522-23 (1971)).

The preclusive rule apparently adopted by the district court, in the absence of findings of the relative roles of the participants, contravenes express guideline language providing that persons having no responsibility and who are held liable for the actions separately taken by higher-ups or other underlings are prime applicants for minor role reductions and, in this case, is violative of the defendant's fundamental Fifth Amendment right to individualized sentencing within statutorily-provided sentencing ranges. Absent the existence of discretion in this critical component of the guidelines – the defendant's role in the offense – the guidelines would not pass constitutional muster. *See Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042 (1974) (remedy for a district court's failure to exercise its discretion at sentencing is a remand for re-sentencing); *United States v. Sparrow*, 673 F.2d 862, 865-66 (5th Cir.

23

1982) (same); *see United States v. Cosgrove*, 73 F.3d 297, 302 (11th Cir. 1996) (suggesting that the district court's utilization of a rigid, predetermined sentencing policy or practice violates the defendant's right to an individualized sentence) (citing *United States v. King*, 53 F.3d 589 (3d Cir. 1995)). *Cf. United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591-92 (1972) (reversal required where "sentence founded at least in part upon misinformation of constitutional magnitude"); *Townsend v. Burke*, 334 U.S. 736, 740-41, 68 S.Ct. 1252, 1255 (1948) (due process requires that sentence be based only on accurate information).

Because the sentencing court's evaluation of role in the offense was based on a categorical rule and not any individualized findings of fact, the defendant respectfully requests a remand for resentencing.

**C.    The district court erred in imposing a sophisticated means enhancement and an enhancement for the number of victims where the record clearly established that the defendant was unsophisticated and was taken advantage of by other conspirators and where evidence presented at the restitution hearing and incorporated into the final judgment shows fewer than the requisite number of victims for the multiple victim enhancement.**

(1)    <u>Multiple victim enhancement</u>.

The final judgment in this case, DE:1327:6, reflects a total of seven (7) financial victims of the fraud insofar as this defendant's relevant conduct is concerned.  Given this finding, made plain in the restitution hearing and incorporated into the final judgment, the sentencing enhancement imposed as to this defendant for multiple victims, was imposed in error and should be reversed.

The sentencing court imposed a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(I) based on a determination that ten or more financial institutions were victimized by the mortgage fraud offenses of which the defendant was convicted.  *See United States v. Foley*, 508 F.3d 627, 633-34 (11th Cir. 2007) (recognizing that a victim for purposes of U.S.S.G. § 2B1.1 is an entity that sustained a portion of the "actual loss" calculated under the guidelines) (citing U.S.S.G. § 2B1.1, comment. (n. 1)).

25

The enhancement was unwarranted under the facts of this case and in light of the final judgment and commitment order.  Hence, the case should be remanded for resentencing.

(2)    <u>Sophisticated means enhancement</u>.

The district court plainly erred in imposing a sophisticated means enhancement as to this defendant, particularly in light of the factual objections raised by the defendant that contravened much of the government's theory as to the actions of the defendant. *See* DE:566:1-3.  The defendant's conduct was plainly not sophisticated. Nor was she in a position to understand the level of sophistication used by other conspirators to manipulate straw buyers, such as Nelida herself.  Part of the sophistication was selling the same house twice without telling the straw buyers, such that the straw purchasers believed that the mortgages were recorded and their interests protected, but in fact the major players in the conspiracy were simply taking unsophisticated straw buyers and recklessly using them for personal gain.  In that context, enhancing this defendant's sentence for sophisticated means runs contrary to the plain meaning of the guideline and constitutes plain error. *See*, *e.g.*, *United States v. Barakat*, 130 F.3d 1448, 1456 (11th Cir. 1997) (holding that it was necessary to compare "the present case and the 'routine' tax evasion case" to determine whether the tax evasion case before the court was especially complex or intricate); *United*

*States v. Landwer*, 640 F.3d 769, 771 (7th Cir. 2011), *cert. denied*, 132 S. Ct. 563 (2011) ("Application of the adjustment 'is proper when the conduct shows a greater level of planning or concealment than a typical fraud of its kind.'"); *United States v. Jenkins*, 578 F.3d 745, 751 (8th Cir. 2009) ("The sophisticated-means enhancement is proper when the offense conduct, viewed as a whole, 'was notably more intricate than that of the garden-variety [offense].'"). Nor did the Government contend that this was in fact an "especially complex" or "intricate offense." *See* U.S.S.G. § 2B1.1, comment. (n.8(b)) ("'sophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense"). This enhancement is therefore inapplicable.

Based on all of these significant guideline errors that vastly overstated the defendant's sentencing guideline range, the Court should remand for resentencing.

## III.

**THE DISTRICT COURT ERRED IN IMPOSING A RESTITUTION AWARD AS TO THE DEFENDANT AND THE COURT SHOULD VACATE THE JUDGMENT AND REMAND FOR RESENTENCING WHERE THE GOVERNMENT'S DELAY IN PROCEEDING TO PRESENT A RESTITUTION CLAIM CAUSED THE DEFENDANT'S RIGHT TO APPEAL TO BE DELAYED BY TWO YEARS.**

Two years passed from the defendant's filing of the defendant's notice of appeal to the date that the government submitted its first restitution loss calculation.

27

During that period the appeal was stayed following the Court's issuance of a jurisdictional letter questioning whether the case could proceed on appeal without a final judgment incorporating the restitution issues. This delay clearly implicates the defendant's constitutional right to a speedy appeal and a speedy resolution of sentencing proceedings. *See Rhewark v. Wade*, 540 F.2d 1282 (5th Cir. 1976) (substantial delay in processing of appeal violates due process). The conversations and other communications on which the government relied for restitution evidence, *see* DE:1310, were obtained in June 2012, more than two years after the defendant's notice of appeal was filed. The government offered no explanation for its delay in presenting a claim for restitution. *See Rheuark v. Shaw*, 628 F.2d 297 (5th Cir. 1980) ("We are convinced that due process can be denied by any substantial retardation of the appellate process, including an excessive delay in the furnishing of a transcription of testimony necessary for completion of an appellate record."). The remedy should, at a minimum, be to vacate the sentence and remand for resentencing.

The imposition of restitution – which the Court itself recognized was arguably questionable, DE:172:253-54, 318 – was improper, where the court's ruling was based not on loss caused by specific conduct underlying the conviction, but instead on mere acquitted conduct; and the specification at sentencing of TFC and CFC as victims was speculative in the absence of reliable evidentiary support. *See United*

28

*States v. Hughey*, 495 U.S. 411, 420, 110 S.Ct. 1979, 1984 (1990)(trial court authorized to order restitution only for loss caused by specific conduct underlying conviction); *United States v. Robertson*, 493 F.3d 1322, 1334 (11th Cir. 2007)(restitution improper where victim, and causation of loss to victim, not adequately established). Moreover, in the absence of any statutory basis for restitution, the court was without authority to impose restitution. *United States v. Halladares*, 544 F.3d 1257, 1269 (11th Cir. 2008); *United States v. Bonilla*, 579 F.3d 1233, 1245 (11th Cir. 2009).

The restitution findings, albeit at a dollar amount several million dollars less than the loss amount, were based on speculation that lacked a reliable evidentiary foundation. The Court should remand for resentencing.

## CONCLUSION

Based upon the foregoing argument and citations of authority, the Court should reverse the defendant's convictions and remand for a new trial.

Respectfully submitted,

*s/ Richard C. Klugh*
RICHARD C. KLUGH, ESQ.
Ingraham Building
25 S.E. 2nd Avenue, Suite 1100
Miami, Florida 33131
Telephone No. (305) 536-1191
Facsimile No. (305) 536-2170

## CERTIFICATE OF SERVICE

I HEREBY certify that on __April 1st__, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and served Kathleen M. Salyer, Assistant United States Attorney, Chief of Appellate Division, 99 N.E. 4th Street, Miami, Florida 33132 via that means and by U.S. Mail.

*s/ Richard C. Klugh*
Richard C. Klugh